UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVA VASQUEZ | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-1300 |
| HERIBERTO HIDALGO DIMAS AND | § | |
| ALLSTATE FIRE AND CASULATY | § | |
| INSURANCE COMPANY | § | |
| *Defendants* | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit currently pending in the District Court for the 288th Judicial District of Bexar County, Texas, Cause No. 2019CI24223, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity of citizenship, after the receipt of Plaintiff's Second Amended Petition, which made this matter removable, and would respectfully show the Court as follows:

### BACKGROUND

1.     On or about February 1, 2018, Plaintiff Eva Vasquez ("Plaintiff") was involved in a motor vehicle collision (the "Collision") while driving her vehicle eastbound on NW Loop 410 in Bexar County, Texas. *See* Plaintiff's First Amended Petition pg. 2, attached hereto as Exhibit A. Plaintiff alleges that Heriberto Hidalgo Dimas's ("Dimas") tire came off, and without warning, rolled and hit Plaintiff's vehicle. *See id.*

2.      On August 13, 2020, Plaintiff served Allstate with her First Amended Petition and process, in an action styled *Eva Vasquez v. Heriberto Hidalgo Dimas and Allstate Fire and Casualty Insurance Company* seeking to recover for damages allegedly arising from the Collision under a policy of uninsured ("UM")/underinsured ("UIM") motorist coverage issued by the Allstate. *See* g*enerally*, Exhibit A; Service of Process Transmittal, dated August 13, 2020, attached hereto as Exhibit B. In Plaintiff's First Amended Petition, Plaintiff asserted causes of action against Allstate for breach of contract, a declaratory judgment, violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. *See generally,* Exhibit A.

3.      Against the other named defendant, Dimas—the alleged tortfeasor, uninsured driver, and Texas resident—Plaintiff did not assert any causes of action against this named Defendant. *See* Exhibit A. Accordingly, as argued below, Dimas is an improperly joined party to this lawsuit because Plaintiff has asserted no plausible cause of action against him. *See generally, id*. Accordingly, Dimas's residency must be disregarded for purposes of determining diversity jurisdiction.

4.      Plaintiff's alleged damages include past and future (i) pain and suffering, (ii) mental anguish, (iii) medical expenses, (iv) physical impairment, and (v) and loss of enjoyment of life. *See generally*, *id*. In addition, Plaintiff alleges damages for lost wages, loss of earning capacity, court costs, and pre- and post-judgment interest. *See generally*, *id*.

5.      Plaintiff did not state a claim for the monetary relief sought as required by Texas Rule of Civil Procedure 47. *See* Exhibit A.

6.      Due to a defect in Plaintiff's First Amended Petition—Plaintiff's naming of the incorrect Allstate entity, Allstate was prevented from removing this matter until October 16, 2020, the date Plaintiff served Allstate with her Second Amended Petition, in which Plaintiff cured this

defect. *See* Plaintiff's Second Amended Petition, attached hereto as <u>Exhibit C</u>, Notification of

Service, dated October 16, 2020, attached hereto as <u>Exhibit D</u>. Hence, Plaintiff's Second Amended

Petition provided Allstate with the "amended pleading … or other paper" it needed to ascertain

that this matter was removable. *See* 28 U.S.C. §1446 (b)(3) (providing that "if the case stated by

the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt

by the defendant … a copy of an amended pleading … or other paper from which it may first be

ascertained that the case is one which is or has become removable") and discussion *infra* A, B, and

C.

7.      In her Second Amended Petition, Plaintiff preserves the allegations and causes of

action against Allstate as stated in her First Amended Petition and again does to not assert any

causes of action against Dimas. *See generally* <u>Exhibit A</u> and <u>Exhibit C</u>.

8.      Per the local rules, the State Court Docket Sheet is attached hereto as <u>Exhibit E.</u>

GROUNDS FOR REMOVAL

9.      This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§

1332(a), 1441, and 1446(b)(3), because it arises from a controversy between citizens of different

states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A. Properly Joined Parties Are Diverse.**

(i) *Plaintiff's Citizenship*

10.      Plaintiff is a natural person who asserts that she "is residing Bexar, Texas" in her

Second Amended Petition, thus demonstrating that Plaintiff is domiciled in the state of Texas.

<u>Exhibit C</u>, pg. 1.  Plaintiff has not pleaded or alleged citizenship of any state other than Texas.

Thus, Plaintiff is believed to be a citizen of Texas because "for purposes of federal subject-matter

(diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in

which the person is domiciled." *O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL

5569615, at \*1 (W.D. La. Oct. 28, 2019) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317

(2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir.

2003).

(ii) *Allstate's Citizenship*

11.      Defendant Allstate Fire and Casualty Insurance Company is incorporated under the

laws of the state of Illinois and maintains its principle place of business in Cook County, Illinois,

located at 2775 Sanders Road, Northbrook, Illinois 60062.  Defendant Allstate is thus a citizen of

Illinois.  28 U.S.C. §1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has

its principal place of business…."); *and, Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D.

Tex. 1995) (citing *Milstead Supply Co. v. Casualty Ins. Co. v. Casualty Ins. Co.*, 797 F.Supp. 569,

571 (W.D.Tex.1992)).

(iii) *Dimas's Citizenship*

12.      Defendant Dimas is alleged to be the tortfeasor, uninsured motorist, and a resident

of Texas. *See* Exhibit C, pgs. 2–3. However, as argued below, Dimas has been improperly joined

in this action because Plaintiff does not allege any causes of action against Dimas. *See generally*

Exhibit C. Therefore, Plaintiff has no plausible cause of action against Dimas, and Dimas's

residency must be disregarded for purposes of evaluating diversity jurisdiction in this matter.[1]

**B.  Dimas Has Been Improperly Joined.**

(i)  *Legal Standard*

---

[1] Because Allstate contends Defendant Dimas is improperly joined, his consent to removal is not required. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

14.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

15.     The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  To meet this burden, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

16.     To determine that an in-state defendant has been improperly joined, the court must find that (i) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (ii) the plaintiff has failed to state a claim against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).  "[R]emoval jurisdiction should be determined on the basis of the state court complaint at the time of removal," and a "plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

17.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. The analysis requires the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiffs plead

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

18.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the

court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678–79. Second, the

court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly

give rise to an entitlement of relief." *Id.* at 679.  A pleading "that offers labels and conclusions or

a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678.

"Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual

enhancement." *Id.*  Plausibility requires more than a mere possibility. It calls for enough facts to

raise a reasonable expectation that discovery will reveal evidence of actionable misconduct.

*Twombly,* 550 U.S. at 565.

> (i)  *Plaintiff failed to state a plausible claim against Dimas and he has been improperly*
>      *joined to this suit.*

19.     Although Plaintiff alleges that Defendant Dimas is the tortfeasor, uninsured

motorist, and a resident of Texas, Dimas has been improperly joined in this action because Plaintiff

fails to state, in both her First Amended Petition and Second Amended Petition, a cause of action

against Dimas.  *See* Exhibit A and Exhibit C. Therefore, Plaintiff has no plausible cause of action

against Dimas, and Dimas's residency must be disregarded for purposes of evaluating diversity

jurisdiction in this matter.

### C.  The Amount in Controversy Exceeds $75,000.00.

20.     The party seeking federal jurisdiction must prove by a preponderance of the

evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem.*

*Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either

(1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

21.     Here, the facts in controversy demonstrate that the amount in controversy well exceeds $75,000.00. Plaintiff's Second Amended Petition does not state a claim for the monetary relief sought as required by Texas Rule of Civil Procedure 47. *See* Exhibit C. However, her Petition makes a demand for judgment for all other relief to which Plaintiff may be justly entitled in law and equity, which opens the door for Plaintiff to recover damages outside the subject insurance policy. *See* Exhibit C, pg. 8.

22.     Plaintiff Second Amended Petition alleges that Allstate has:

- Breached the Contract with Plaintiff and is now entitled to a Declaratory Judgment on her entitlement to benefits under the policy—which entitles Plaintiff to attorney's fees;

- Violated Texas Insurance Code § 541 by committing unfair insurance practices—which allows Plaintiff to seek treble damages; and

- Breached the Duty of Good Faith and Fair Dealing—which opens the door for Plaintiff to seek exemplary damages;

*See* Exhibit C.

23.     As a result of Plaintiff's list of causes of action against Allstate, Plaintiff affirmatively pleads for recovery for:

- Past and future medical expenses;
- Past and future pain and suffering;
- Past and future mental anguish;
- Past and future physical impairment;
- Past and future loss of earnings;
- Past loss of enjoyment of life;
- Attorney's fees;

- Pre and post judgment interest; and
- "such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled and for which she will forever pray."

*Id* at pgs. 7–8.

24.     Furthermore, Plaintiff's demand letter, dated August 24, 2018, seeks $17,996.96 in current medical expenses and $118,850.00 in future medical expenses for shoulder and neck surgeries she allegedly requires due to injuries she sustained in the Collision. *See* Plaintiff's Demand Letter, attached hereto as Exhibit F.

25.     Finally, and most importantly, Plaintiff has not provided a binding stipulation or other sworn document that would limit her damages to less than jurisdictional limit of this Court as required by *De Aguilar*.  *De Aguilar v. Boeing*, 47 F.3d 1404, 1410 (5ᵗʰ Cir. 1995).

26.     Based on the foregoing, facts in controversy clearly and inarguably demonstrate that the amount in controversy clearly exceeds $75,000.00.

## REMOVAL IS PROCEDURALLY PROPER

27.     This notice of removal is timely filed within thirty (30) days after Allstate received Plaintiff's Second Amended Petition. *See* 28 U.S.C. §1446 (b)(3) (providing that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … a copy of an amended pleading … or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013); *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 439 (5th Cir. 2011). Upon being served with Plaintiff's Second Amended Petition on October 16, 2020, Allstate ascertained that this case became removable because therein Plaintiff sued the correct Allstate entity—Allstate Fire and Casualty Insurance Company. Additionally, Allstate determined that Defendant Dimas was an improperly joined Defendant.

Therefore, by serving Allstate with her Second Amended Petition, Allstate ascertained that the properly joined and correct parties—Allstate and Plaintiff—were citizens of different states and that the amount in controversy exceeded $75,000. Thus, Allstate's notice of removal is timely filed.

28.     Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Bexar County, Texas, the venue where this suit was initiated. *See generally*, Exhibit C.

29.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant Allstate in the state court action are attached hereto. *See* Exhibit A, B, C, D, and E.

30.     Pursuant to 28 U.S.C. §1446(d), Defendant Allstate will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

### PRAYER FOR RELIEF

31.     Defendant Allstate prays that this Honorable Court (1) accept jurisdiction over the state court action for the reasons set forth above, (2) dismiss Defendant Dimas with prejudice as improperly joined, and (3) grant it any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

*/s/ Brittany M. Passdar-Shirazi*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com

**Brittany M. Passdar-Shirazi**
State Bar No. 24089611
bpassdar-shirazi@valdeztrevino.com
*Counsel for Defendant Allstate Fire and Casualty*
*Insurance Company*

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing instrument was served on the following counsel this

5th day of November 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the

ECF system and e-service in the state court proceeding:

Sandra D. Laurel
State Bar No. 11996800
608 Broadway
San Antonio, Texas 78215
Tel: (210) 820-3434
Fax: (210) 538-5092
ATTORNEY FOR PLAINTIFF

James. M. Shaw
State Bar No. 60784955
630 Broadway
San Antonio, Texas 78215
Tel: (210) 222-2288
Fax: (210) 222-1480
ATTORNEY FOR PLAINTIFF

/s/ Brittany M. Passdar-Shirazi
**Brittany M. Passdar-Shirazi**