UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EVA VASQUEZ,

*Plaintiff*,

v.                                              No.  SA-20-CV-01300-JKP

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, HERIBER-
TO HIDALGO DIMAS,

*Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's (Allstate) Motion to Dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *ECF No. 5*. Plaintiff Eva Vasquez did not respond. Upon consideration of Allstate's motion and the First Amended Petition, the Court concludes Allstate's Motion to Dismiss is DENIED. However, Vasquez's causes of action of breach of contract, breach of good faith and fair dealing and violation of the Texas Insurance Code are DISMISSED without prejudice for lack of subject matter jurisdiction. This action will proceed on Vasquez's request for declaratory relief asserted under the Texas Civil Practice and Remedies Code.

### Background

This case arises from Vasquez's assertion of entitlement to uninsured motorist insurance benefits under an insurance contract she holds with Allstate. In the Second Amended Petition filed in state court, Vasquez asserts she was involved in a motor vehicle accident in which an uninsured driver and Defendant, Heriberto Dimas, caused her serious bodily injury. *Id*. Vasquez alleges she is insured under an automobile policy with Allstate that provides uninsured motorist

("UIM") coverage; however, when she submitted a claim for payment of UIM benefits under the insurance policy, Allstate wrongfully refused payment. Against Allstate, Vasquez asserts causes of action of breach of contract, breach of good faith and fair dealing and violation of Title 5 of the Texas Insurance Code. Vasquez also seeks declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code.

**Analysis**

Allstate filed this Motion to Dismiss all of Vasquez's causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), except for the request for declaratory relief. Allstate asserts Vasquez fails to plead facts sufficient to establish her legal entitlement to recover UIM benefits coverage under the insurance contract. Citing *Brainard v. Trinity Universal Insurance Co.*, Allstate contends it has no contractual duty to pay UIM benefits until Vasquez obtains a judgment establishing Dimas's liability and underinsured status and the amount of any recoverable damages. *See Brainard v. Trinity Universal Insurance Co.,* 216 S.W.3d 809, 818 (Tex. 2006). Because Vasquez has not obtained such a judgment determining liability and damages, if any, the causes of action must be dismissed for failure to state a claim as a matter of law. Allstate does not contest Vasquez's alternative request for declaratory relief under the Texas Civil Practice and Remedies Code.

The State of Texas requires automobile insurance providers to provide "uninsured or underinsured motorist coverage" (UIM) which "protects insureds who are *legally entitled* to recover from owners or operators of uninsured or underinsured motor vehicles. . . ." TEX. INS. CODE § 1952.101(a) (emphasis added). To be legally entitled to recover benefits under a UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages. *Brainard*, 216 S.W.3d at 818 (interpreting prior version of statute); *In re*

*Koehn*, 86 S.W.3d at 367. Thus, under a UIM policy, receipt of benefits, "are conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard*, 216 S.W.3d at 818; *See In re Koehn*, 86 S.W.3d at 367-368.

The insured's legal entitlement to receive UIM benefits arises upon obtaining a judgment establishing the liability and underinsured status of the alleged tortfeasor. *Brainard*, 216 S.W.3d at 818; *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 709 (S.D. Tex. 2013). Consequently, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment." *Brainard*, 216 S.W.3d at 818; *Terry*, 930 F. Supp. 2d at 709-10; *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 559 (Tex. App.—San Antonio 2018, no pet.). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id*.; *Borg v. Metro. Lloyd's of Texas*, W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013).

To determine the liability of an uninsured motorist, the insured may obtain a judgment against the tortfeasor. *Borg*, 2013 WL 12091651, at *2; *Brainard,* 216 S.W. 3d at 818. Alternatively, the insured may litigate UIM coverage with the insurer; however, "due to the unique terms of UM/UIM coverage, . . . the proper vehicle to bring such a claim is through a declaratory judgment action, not a breach of contract claim." *Borg*, 2013 WL 12091651, at *2 (*citing Accardo v. Am. First Lloyds Ins. Co*., CIV.A. H-11-0008, 2012 WL 1576022, at *5 n.3 (S.D. Tex. May 3, 2012)); *see also Cantwell v. Sentry Select Ins. Co.,* SA-18-CA-193-FB, 2019 WL 5455008, at *3 (W.D. Tex. Mar. 22, 2019); *Woods v. Argonaut Midwest Ins. Co*., 6:15-CV-139, 2016 WL 3653518, at *5 (E.D. Tex. Mar. 18, 2016).

Vasquez does not assert in the Second Amended Petition that she obtained a judgment establishing Dimas's liability and any consequential damages incurred. Texas case law does not

allow a scenario such as this, in which Vasquez files suit asserting breach of contract and other causes of action against Allstate to determine Dimas's liability and any applicable damages. Texas case law specifically iterates an insurer holds no contractual duty to pay UIM benefits until there is an independent judgment establishing a tortfeasor's liability and the insured's damages. If an insured chooses to proceed directly against the insurer, rather than the alleged tortfeasor, this judgment may be obtained through a declaratory judgment of liability.

Because Allstate's contractual duty to pay UIM benefits under the policy does not arise until Vasquez obtains such a judgment, Vasquez's causes of action based on Allstate's failure to pay UIM benefits are premature. *Accardo*, 2012 WL 1576022, at *3. This procedural posture prompts this Court's independent obligation to ensure it has subject matter jurisdiction over all claims before it.

"A case or controversy must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002). "Generally, issues are not ripe if 'further factual development is required.'" *Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292, 296 (5th Cir. 2008). "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication." *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010). Until a claim is ripe, the Court lacks subject matter jurisdiction because it has no power to decide disputes that are not yet justiciable." *Id.* at 341. Thus, when a case is abstract or hypothetical, the court should dismiss for lack of subject matter jurisdiction, rather than failure to state a claim. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

Vasquez's purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all. Until Vasquez litigates Dimas's liability in this action and ob-

tains a judgment with determination of damages, and until Allstate denies payment of any UIM benefits after such a judgment, any related or consequential cause of action is not ripe. Here, Allstate moved for dismissal for failure to state a claim under 12(b)(6); however, this Court lacks subject matter jurisdiction to adjudicate the asserted causes of action based upon lack of ripeness.

Due to the unique terms of UIM coverage, the proper vehicle to litigate a tortfeasor's liability and any resulting damages directly against the insurer is through the remaining request for declaratory relief. Allstate does not contest this procedural vehicle or seek dismissal of the alternative request for declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. Therefore, Vasquez's request for declaratory relief is the only live cause.

## Conclusion

The asserted causes of action for breach of contract, breach of good faith and fair dealing and violation of the Texas Insurance Code are dismissed without prejudice for lack of subject matter jurisdiction. Vasquez already asserts a mechanism to determine any entitlement to UIM benefits: a request for declaratory relief. Thus, this action will proceed on Vasquez's request for declaratory relief under the Chapter 37 of the Texas Civil Practice and Remedies Code.

It is so ORDERED.
SIGNED this 6th day of January, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE