IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVA VASQUEZ, | § | |
| | § | |
| *Plaintiff*, | § | SA-20-CV-01300-JKP |
| | § | |
| vs. | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, HERIBERTO | § | |
| HIDALGO DIMAS, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER RETURNING MOTION TO DISTRICT COURT

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion for Modification of Scheduling Order and Motion for Leave of Court to File Her Third Amended Complaint [#20]. The District Court referred all non-dispositive pretrial proceedings to the undersigned in this case on November 9, 2020 [#3]. Because Plaintiff's motions are intertwined with dispositive issues, the Court will return the motions to the District Court for a ruling.

Plaintiff's filing brings two motions before the Court—a request for modification of the Scheduling Order and a request for leave to file a third amended pleading. The current Scheduling Order in this case establishes a deadline of March 22, 2021, to file any motion seeking leave to amend or to join parties. (Sched. Order [#15] at ¶ 4.) Plaintiff's motion was filed on April 13, 2021. Plaintiff asks the Court to extend the amended pleading deadline so that her motion for leave to file an amended pleading may be considered timely. Plaintiff then asks the Court to grant her leave to file the Third Amended Complaint attached to her motion.

The Referral Order entered in this case provides that "[a]ny dispositive motion shall remain with Judge Pulliam for disposition unless the parties consent to a ruling by the Magistrate Judge." (Referral Order [#3], at 2.) According to the Referral Order, "any . . . motion that would

1

require a Report and Recommendation under 28 U.S.C. § 636(b) and the governing case law" is a "dispositive motion" for purposes of the scope of referral by Judge Pulliam. *See id.* Although the Fifth Circuit has yet to directly address whether the denial of a motion for leave to amend is "dispositive of a party's claim or defense," courts throughout the country are divided on the matter, particularly where the denial of a motion for leave to amend is based on a substantive finding of futility. *See Darr v. Amerisure Ins. Co.*, No. 16-232-JWD-EWD, 2016 WL 5110267, at *1 n.5 (M.D. La. Aug. 31, 2016) (collecting case law). In such instances, some courts have held that the denial of a motion for leave to amend should be addressed through a report and recommendation,[1] and this has been the undersigned's practice.

This is a case regarding underinsured motorist benefits, arising out of a motor vehicle accident between Plaintiff and an underinsured motorist—Heriberto Hidalgo Dimas. Plaintiff filed this case against her insurer, Allstate Fire and Casualty Insurance Company ("Allstate"), and Dimas (the alleged tortfeasor) in state court, alleging Dimas's negligence caused the accident and Allstate breached the insurance contract by refusing to pay underinsured motorist benefits and seeking a declaratory judgment to that effect. Plaintiff also pleaded extracontractual causes of action against Allstate for violations of the Texas Insurance Code. Allstate removed Plaintiff's Second Amended Petition to this Court on November 5, 2020, under this Court's

---

[1] *Compare Schur v. L.A. Height Loss Ctrs., Inc.*, 577 F.3d 752, 760 n.6 (7th Cir. 2009) (motion for leave to amend, even if resolution of which will determine whether or not to permit joining a defendant, is non-dispositive); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (generally a motion to amend is not dispositive of a claim or defense of a party) *with Ocelot Oil Corp., v. Sparrow Indus.*, 847 F.2d 1458, 1462–63 (10th Cir. 1988) (order striking pleadings, even though imposed as discovery sanction, had the effect of foreclosing relief against a party and was therefore dispositive of a party's claim or defense); *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002) ("When the magistrate judge's order denying a motion to amend . . . effectively removes a defense or claim from the case, it may well be a dispositive ruling that the district court should review *de novo*.").

diversity jurisdiction, alleging that Dimas, who is a Texas resident and would therefore destroy diversity jurisdiction, was improperly joined.

Allstate subsequently moved to dismiss, and the District Court dismissed all of Plaintiff's claims except for the declaratory judgment cause of action, concluding that, under Texas law, Plaintiff must establish the liability of the tortfeasor before she may proceed with any other cause of action. (Order [#10].) Plaintiff thereafter filed a motion to remand, which remains pending before the District Court. In the motion, Plaintiff argues, among other things, that Dimas was not improperly joined and that Plaintiff intended to pursue a claim of negligence against Dimas simultaneous to her claims against Allstate. In conjunction with the motion to remand, Plaintiff filed the motion to modify and for leave to amend the Scheduling Order currently before the Court, asking the Court for permission to clarify her claims against Dimas and to establish that there is no diversity jurisdiction over this case.

Plaintiff's motion to modify the Scheduling Order and for leave to file an amended pleading are intertwined with the substantive and dispositive issues raised in Plaintiff's motion to remand. The undersigned cannot resolve the motions without evaluating whether there is good cause to permit the modification of the Scheduling Order and to allow Plaintiff to amend her pleadings under Rule 15. This analysis will require the undersigned to evaluate whether the proposed amendment is futile, i.e., to apply the same standard of legal sufficiency as applies under Rule 12(b)(6). *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The undersigned construes this as a dispositive ruling that should be made in conjunction with a ruling on the motion to remand. Returning Plaintiff's motion to the District Court for a ruling will also promote judicial efficiency and ensure consistency on the jurisdictional and merits issues before the Court. *See Darr*, 2016 WL 5110267, at *1 n.5 (concluding that analysis

regarding motion for leave to file amended complaint bore directly on substantive issues raised in motion to remand and therefore issuing a report and recommendation on both motions).

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Modification of Scheduling Order and Motion for Leave of Court to File Her Third Amended Complaint [#20] is **RETURNED** to the District Court for a ruling.

SIGNED this 29th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE