**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**EVA VASQUEZ,**

*Plaintiff*,

**v.**                                                   **Case No.  SA-20-CV-01300-JKP**

**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY, HERIBER-**
**TO HIDALGO DIMAS,**

*Defendants*.

# O R D E R

Before the Court is Plaintiff Eva Vasquez's Motion for Modification of Scheduling Order and Motion for Leave to File a Third Amended Complaint. *ECF No. 20*. Defendant Allstate Fire and Casualty Insurance Company (Allstate) Responded. *ECF No. 22*. Upon consideration, Vasquez's Motion is DENIED.

## FACTUAL BACKGROUND

This case arises from Vasquez's assertion of entitlement to uninsured motorist insurance (UIM) benefits under an insurance contract she holds with Allstate. Vasquez originally filed suit in Texas state court asserting she was in a motor vehicle accident in which the only named defendant, Heriberto Dimas, caused her serious bodily injury. Vasquez asserted a cause of action for negligence against Dimas.

When Vasquez learned Dimas was not insured, she submitted a claim for UIM benefits under her insurance policy with Allstate. Vasquez later amended her state-court petition to join Allstate; however, she incorrectly named the defendant as "Allstate Insurance." In this First

Amended Petition, Vasquez asserted a cause of action against Allstate, only. *See ECF No. 1-3*. Although Vasquez still named Dimas as a defendant in the style of the petition, she did not assert any factual allegations pertinent to Dimas, nor did she assert any cause of action against him, including the previously asserted negligence cause of action. *Id*.

Allstate filed an Answer stating, "Defendant Allstate Fire and Casualty Insurance Company, ('Defendant') misnamed as Allstate Insurance, files its Original Answer.…" Vasquez then filed a Second Amended Petition correctly naming Allstate. In her Second Amended Petition, Vasquez, again, did not assert any specific allegations against Dimas or any cause of action against him. *See ECF No. 1-5*. In the Second Amended Petition, Vasquez alleged she was insured under an automobile policy with Allstate that provided UIM coverage; however, when she submitted a claim for UIM benefits, Allstate wrongfully refused payment. *Id*. Against Allstate, Vasquez asserted causes of action of breach of contract, breach of good faith and fair dealing and violation of Title 5 of the Texas Insurance Code. *Id*. Vasquez also sought declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. *Id*.

Allstate received the Second Amended Petition on October 16, 2020, and removed the suit to this federal court on November 5, 2020. Upon Allstate's Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), on January 6, 2021, this Court dismissed Vasquez's causes of action of breach of contract, breach of good faith and fair dealing and violation of Title 5 of the Texas Insurance Code for lack of subject matter jurisdiction. *ECF No. 10*. This Court concluded the causes of action were not ripe until Vasquez obtained a judgement establishing Dimas's liability and her consequential damages. *Id*.

Vasquez subsequently litigated this suit against Allstate, thereby electing to pursue a judgment of liability through her request for declaratory relief. This Court entered a Scheduling

Order on January 28, 2021, setting a deadline to file amended pleadings of March 22, 2021. *ECF No. 15*. Vasquez filed this Motion on April 13, 2021, seeking extension of the Scheduling Order deadline and leave to amend the Complaint to "elaborate[e] on her claims against Mr. Dimas…." Vasquez, admittedly, seeks to add a cause of action against Dimas and reduce the amount of damages sought to an amount below this Court's jurisdictional limit as basis to destroy this Court's diversity and subject matter jurisdiction, and thereby, invoke the necessity to remand the case to state court. On the same date, Vasquez filed a Motion to Remand based upon lack of diversity and subject matter jurisdiction, as well as other reasons. *ECF No. 17*.

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Federal Rule 15(a) governs a party's request to amend a pleading filed before the passing of the Scheduling Order deadline to do so. *See id.*; Fed.R.Civ.P 15(a). When a party seeks leave to amend a pleading after expiration of the Scheduling Order deadline, granting the motion requires modification of the Court's Scheduling Order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, once the deadline passes, the motion for leave to amend is governed by Federal Rule 16(b)(4), which provides a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010).

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Thus, to demonstrate good cause to modify the Scheduling Order, the movant must show it could not reasonably

meet the Scheduling Order deadline it requests be modified despite its exercise of diligence. *Id.* at 348; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). To determine whether good cause exists to modify the Scheduling Order deadline to amend pleadings, a court must consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 636 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "The court considers the four factors holistically and does not mechanically count the number of factors that favor each side." *Sun River Energy, Inc. v. McMillan*, No. 3:13-CV-2456-D, 2014 WL 4771852, at *4 (N.D. Tex. Sept. 25, 2014).

Only after the movant demonstrates good cause to modify the Scheduling Order under Federal Rule 16(b)(4) does "the more liberal standard" of Federal Rule 15(a) apply to a party's request for leave to amend the complaint. *S&W Enters., L.L.C.*, 315 F.3d at 535; *La Liga League, LLC v. U90C Mgmt. Group, LLC*, 4:20-CV-00726, 2021 WL 1377263, at *1–2 (E.D. Tex. Apr. 12, 2021). Leave to amend under Federal Rule 15 should be given "freely . . . when justice so requires." Fed.R.Civ.P 15(a)(2). In exercising its discretion under Federal Rule 15(a) with regard to a request for leave to amend, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

**DISCUSSION**

**1. Explanation for Untimeliness**

A court considers, first, the movant's explanation for a post-deadline request for leave to amend a pleading. *Fahim*, 551 F.3d at 348. "Courts will deny a motion for leave where the delay is unnecessary, or little to no explanation is offered for an extended delay in amending the pleading." *McLane Co., Inc. v. ASG Techs. Grp. Inc.*, No. 6:17-CV-00166-ADA-JCM, 2018 WL 7291380, at *2 (W.D. Tex. Oct. 17, 2018) (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238 (5th Cir. 2015)). Failure to account for the delay may outweigh the other three factors in assessing good cause. *E.E.O.C. v. Serv. Temps Inc*., 679 F.3d 323, 334 (5th Cir. 2012); *McLane Co., Inc*., 2018 WL 7291380, at *2.

Vasquez provides no explanation for the late request for leave to amend her complaint, asserting only that omission of factual allegations pertaining to Dimas and failure to assert specific causes of action against him was a mistake. In her "Background" statement, Vasquez asserts she "mistakenly omitted the allegations against Defendant Dimas" when she submitted both her first and second amended petitions in state court. Vasquez provides no explanation for her failure to amend her Complaint in this Court prior to the Scheduling Order deadline to do so.

This failure to provide explanation is sufficient reason for this Court to deny Vasquez's request to modify the Scheduling Order deadline, and the unexplained delay outweighs the other three factors in assessing good cause. *See E.E.O.C. v. Serv. Temps Inc*., 679 F.3d at 334; *McLane Co., Inc*., 2018 WL 7291380, at *2. For this reason, alone, this Court finds ample basis to conclude Vasquez failed to show good cause to amend the Scheduling Order deadline to amend pleadings. However, the Court will discuss the other three factors as well.

## 2. Importance of the Amendment

Vasquez argues the proposed amendment is necessary and important because "[a]t that point, removal will be improper, and remand required because diversity jurisdiction will be destroyed." *ECF No. 20, p. 4*. Vasquez further argues amendment is important to allow her to establish and pursue all causes of action against Dimas that she intended to assert from the origin of this litigation.

This factor weighs against modifying the Scheduling Order deadline to allow amendment. Vasquez had ample time and numerous opportunities to discover her purported mistake and amend her Complaint prior to the Scheduling Order deadline. This neglect discredits her assertion this amendment is necessary and important.

Further, as the Court explained in its previous Memorandum and Opinion, Vasquez has two exclusive litigation avenues to determine Dimas's fault: (1) obtain a judgment against him, or (2) litigate UIM coverage against Allstate through a request for declaratory judgment action. *ECF No. 10*; *see Borg v. Metro. Lloyd's of Tex.*, W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013); *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Texas case law specifically iterates Allstate holds no contractual duty to pay UIM benefits until Vasquez obtains an independent judgment establishing a Dimas's liability and her damages. *Brainard*, 216 S.W.3d at 818; *see also Santiago v. Allstate Indem. Co.*, 5:19-CV-00306-OLG, 2019 WL 10303696, at *3 (W.D. Tex. June 5, 2019). Because Vasquez chose to pursue her request for declaratory relief against Allstate, the untimely proposed amendment is improper and not necessary. Further, Vasquez's attempt to amend her Complaint solely for the purpose of destroying this Court's subject matter jurisdiction is improper. *See Santiago*, 2019 WL 10303696, at *3.

For these reasons, the Court finds this factor weighs against a finding of good cause to modify the Scheduling Order deadline.

### 3. Potential Prejudice

Vasquez asserts Allstate will not be prejudiced by amendment of her Complaint; however, at the same time, Vasquez asserts amendment will require this Court remand this action to state court. Consequently, amendment of the Complaint will prejudice Allstate, the party that removed this action to this federal court. Further, Allstate removed this case to this Court in November 2020. Significant litigation occurred since that time. Consequently, amendment and remand will cause prejudice.

For these reasons, this factor weighs against a finding of good cause to modify the Scheduling Order deadline.

### 4. Availability of Continuance to Cure

This factor is inapplicable under these facts, as amendment of the Complaint could create the necessity to remand the action to state court. Vasquez does not assert any argument with regard to this factor, arguing instead that the Covid pandemic and this Court's Emergency Orders suspending trials mandate liberal tolerance for extension of Scheduling Order deadlines. Vasquez fails to show how these elements prevented her from timely seeking leave to amend her complaint.

## CONCLUSION

Following holistic analysis of the factors within the context of the procedural posture of this case, the Court concludes Vasquez failed to establish good cause to amend the Scheduling Order deadline or justification for her untimely motion for leave to amend her Complaint. For the

reasons stated, Vasquez's Motion for Modification of the Scheduling Order and Motion for Leave to File a Third Amended Complaint is DENIED.

It is so ORDERED.
SIGNED this 19th day of May, 2021.

JASON   PULLIAM
UNITED STATES DISTRICT JUDGE