UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EVA VASQUEZ,

  *Plaintiff*,

v.                                                      CASE NO. SA-20-CV-01300-JKP

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,
HERIBERTO HIDALGO DIMAS,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Eva Vasquez's Motion to Remand. *ECF Nos. 17*. Defendant Allstate Fire and Casualty Insurance Company (Allstate) Responded. *ECF No. 21*. Upon consideration, Vasquez's Motion to Remand is DENIED.

## UNDISPUTED FACTUAL BACKGROUND

This case arises from Vasquez's assertion of entitlement to uninsured motorist insurance (UIM) benefits under an insurance contract she holds with Allstate. Vasquez originally filed suit in Texas state court asserting she was in a motor vehicle accident in which the only named defendant, Heriberto Dimas, caused her serious bodily injury. Vasquez asserted a cause of action of negligence against Dimas.

When Vasquez learned Dimas was not insured, she submitted a claim for UIM benefits under her insurance policy with Allstate. Vasquez later amended her state-court petition to join Allstate when it declined to pay her claim. In this First Amended Petition, Vasquez asserted causes of action against Allstate, only, naming it as "Allstate Insurance." Although Vasquez still

1

named Dimas as a defendant in the style of the petition, she did not assert any factual allegations pertinent to Dimas, nor did she assert any cause of action against him. Allstate filed an Answer on September 4, 2020, alerting Vasquez that she did not properly name it as a defendant and informing her of the proper name.

Upon discovery of the error, Vasquez filed a Second Amended Petition to correctly name Allstate as "Allstate Fire and Casualty Insurance Company." In her Second Amended Petition, Vasquez, again, did not assert any specific allegations against Dimas or any cause of action against him. In the Second Amended Petition, Vasquez alleged she was insured under an automobile policy with Allstate that provided UIM coverage; however, when she submitted a claim for UIM benefits, Allstate wrongfully refused payment. Against Allstate, Vasquez asserted causes of action of breach of contract, breach of good faith and fair dealing and violation of Title 5 of the Texas Insurance Code. Vasquez also sought declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code.

Allstate received the Second Amended Petition on October 16, 2020, and removed the suit to this federal court on November 5, 2020. Later, upon Allstate's Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), on January 6, 2021, this Court dismissed Vasquez's causes of action of breach of contract, breach of good faith and fair dealing and violation of Title 5 of the Texas Insurance Code for lack of subject matter jurisdiction. *ECF No. 10*. This Court concluded the causes of action were not ripe until Vasquez obtained a judgment establishing Dimas's liability and her consequential damages. *Id*.

Vasquez subsequently litigated this suit against Allstate, thereby electing to pursue a judgment of liability through her request for declaratory relief. This Court entered a Scheduling

Order on January 28, 2021, setting a deadline to file amended pleadings of March 22, 2021. *ECF No. 15*.

On April 7, 2021, Vasquez filed this Motion to Remand based upon lack of diversity and subject matter jurisdiction, as well as failure to timely remove the action. *ECF No. 17*. Shortly thereafter, Vasquez filed a Motion to Modify the Scheduling Order deadline and Motion for Leave to Amend the Complaint to "elaborate[e] on her claims against Mr. Dimas…." *ECF No. 20*. Vasquez, admittedly, sought to defeat this Court's diversity and subject matter jurisdiction, thereby, invoking the necessity to remand the case to state court. *See id.* This Court denied Vasquez's Motion to Modify the Scheduling Order and Motion for Leave to Amend the Complaint on May 19, 2020. *ECF No. 24*. The Court will now address Vasquez's Motion to Remand.[1]

## LEGAL STANDARD

Federal courts hold original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal of an action to a federal court is proper when a civil action brought in state court would otherwise be within the original jurisdiction of the federal courts. 28 U.S.C. § 1441. Following removal to a proper federal court, an opposing party may move to remand the action to state court. *See* 28 U.S.C. § 1447(c). Upon examination of a motion to remand, any doubt as to the propriety of removal and any ambiguities should be resolved in favor of remand to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th

---

[1] It appears Vasquez's Motion to Remand was not timely filed, as such motions must be filed within thirty (30) days of the filing of a Notice of Removal. *See* 28 U.S.C. § 1447(c). However, it appears the impropriety of a motion to remand based upon its untimeliness is an argument that may also be waived and may be subject to estoppel. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1545 (5th Cir. 1991). For this reason, the Court recognizes this possible procedural defect, but will not address it sua sponte, as it was not raised and argued by the parties.

Cir. 2007)). Within determination of a motion to remand, the removing party has the burden to show federal jurisdiction exists and removal was proper. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Jurisdiction must be reviewed based upon the pleadings and operative facts as they existed at the time of removal. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014); *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020).

## DISCUSSION

Vasquez contends this case must be remanded to Texas state court because: (1) it was not timely removed to federal court; (2) the amount in controversy does not exceed $75,000; and (3) there is a nondiverse defendant (Dimas) who was not fraudulently joined.

Because it was the operative pleading at the time of removal, the Court will review the Second Amended Petition to evaluate the determinative facts and causes of action at the time of removal. *See In re Deepwater Horizon*, 745 F.3d at 163. Following this Court's conclusions in the Memorandum Opinion and Order dated January 6, 2021, the only proper defendant at the time of removal, and currently, is Allstate, and the action proceeded upon Vasquez's request for declaratory judgment, only. The Court will address the presented arguments based upon this procedural posture.

### 1. Timeliness of Removal

A party must file a notice of removal within 30 days after receipt of the initial pleading or service of summons, whichever occurs first. 28 U.S.C. § 1446(b). The "revival exception" to this general rule allows a party to file a notice of removal within 30 days of receipt of an amended pleading, motion, order or other paper from which the party may first ascertain the case is or has

4

become removable. 28 U.S.C.A. § 1446(b)(3); *Johnson v. Heublin, Inc.*, 227 F.3d 236, 241-42 (5th Cir. 2000); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).

Vasquez argues this case must be remanded because Allstate's removal was not timely. Allstate received the First Amended Petition on August 13, 2020. Vasquez contends Allstate received notice of the causes of action and factual basis of the claims against it on that date, even though it was not named correctly. Because Allstate did not file the Notice of Removal within 30 days from receipt of the First Amended Petition, Vasquez argues Allstate waived its right to remove the case, and it must be remanded.

Allstate responds Vasquez's Second Amended Petition was the first petition from which it could ascertain whether this suit was removable, and therefore, the removal timeline ran from its receipt of this petition. While Vasquez stated the basic facts of the underlying accident and named Dimas as a Defendant in her First Amended Petition, Allstate contends the pleading was ambiguous regarding which Allstate entity would be the named defendant and whether diversity existed. Allstate contends it was not able to ascertain the parties and entities Vasquez intended to sue until she filed the Second Amended Petition, in which Allstate was correctly named and from which it could surmise Dimas was either inadvertently named as a defendant or fraudulently joined. Because it filed the Notice of Removal within 30 days of receipt of the Second Amended Petition, Allstate contends the notice was timely under the revival exception allowed in Section 1446(b)(3).

Thus, the issue this Court must determine is which pleading gave Allstate sufficient facts from which it could clearly ascertain the case was removable. This specific issue was recently discussed and addressed in a similar factual scenario by a fellow judge in this division in *Monaco v. Allstate Fire & Cas. Ins. Co.*, SA-20-CV-00721-XR, 2020 WL 6580568, at *3-4 (W.D. Tex.

Aug. 24, 2020). In *Monaco*, Judge Rodriguez determined the issue "whether a case is removable on an initial pleading where that pleading misnames a diverse defendant, as well as a defendant . . . who may not be diverse, and where the diverse defendant knows it is the proper defendant." *Id*. at *3. In *Monaco*, the plaintiff misnamed the proper defendant, Allstate F&C, and named three other Allstate entities, at least one of which was a non-diverse Texas citizen. Even though misnamed, Allstate F&C knew it was a proper defendant upon receipt of the initial filing because it was the entity named in the subject insurance policy, and it subjected itself to the state court's jurisdiction by filing its combined Answer and Special Exceptions. *Id*. at *1-2. Judge Rodriguez determined that even though Allstate F&C knew it was a proper and diverse defendant upon receipt of the initial pleading, this did not automatically show Allstate F&C was able to ascertain the case was removable at that time. *Id*. at *6. Judge Rodriguez concluded it was not clear there was complete diversity until the plaintiff amended her petition to properly name Allstate F&C and remove the other non-diverse Allstate entity. *Id*.

In reaching this decision, Judge Rodriguez recognized "[t]he Fifth Circuit has not addressed these exact facts" and distinguished other cases that addressed the effect of misnaming a defendant upon the timeliness of removal, concluding those were remanded because the initial pleading established clear basis for federal jurisdiction existed. *See id*. at *5 (discussing *I.D. Tech., LLC v. Paul Leibinger Numbering, Mach. Ltd. P'ship*, No. 3:12-CV-2646-B, 2013 WL 105361, at *3 (N.D. Tex. Jan. 8, 2013) and *Iulianelli v. Lionel*, 183 F. Supp. 2d 962 (E.D. Mich. 2002)). In those distinguished cases, the true defendant was on notice it was the only proper defendant, and it was clear from the face of the operative complaint that complete diversity existed from the initial pleading. *See Monaco*, 2020 WL 6580568, at *5. No other non-diverse defendants were inadvertently or fraudulently joined. *Id*.

6

The Court finds the reasoning and holding in *Monaco* applicable to the facts and procedural posture in this case. As in *Monaco*, even though Allstate knew from the outset it was a proper defendant, Vasquez's Original and First Amended Petitions were not removable because they named another non-diverse defendant, Heriberto Dimas. Allstate was clearly the proper defendant for the breach of contract and other state-law causes of action premised on the subject insurance policy; however, the history of the pleadings and the naming of Dimas rendered the First Amended Petition indeterminate as to removability. The Second Amended Petition was the first time Vasquez clearly and properly named the Allstate entity she intended to sue, which was a diverse defendant. The Second Amended Petition was also the first time it was clear Vasquez intended to pursue claims against Allstate, only, because she reiterated only facts and causes of action against Allstate. Finally, the Second Amended Petition was the first time Allstate could infer Dimas was either inadvertently named or fraudulently joined.

Consequently, as in *Monaco*, the 30-day time period for removal was not triggered upon Allstate's receipt of the First Amended Petition because that pleading did not affirmatively reveal on its face the case was removable nor establish a clear basis for federal jurisdiction. *See Monaco,* 2020 WL 6580568, at *3-6. Only upon receipt of the Second Amended Petition could Allstate first ascertain the case was removable. For these reasons, Allstate's removal within 30 days of receipt of the Second Amended Petition was timely under Section 1446(b)(3), and this basis for remand must fail.

**2. Amount in Controversy**

Vasquez argues the Court should remand the case because the amount in controversy does not meet this Court's jurisdictional threshold. Vasquez contends the UIM policy limit is $30,000, and therefore, any damages cannot exceed this amount.

7

Allstate asserts the amount in controversy exceeds $75,000 because: (1) although not specific, Vasquez's Second Amended Petition specifically seeks damages beyond the UIM policy limits; (2) Vasquez asserted extra-contractual causes of action, which open the door for her to recover statutory and punitive damages outside the UIM insurance policy limits; (3) Vasquez made a demand for past and future medical expenses greater than $75,000; and (4) Vasquez did not provide any binding affidavit with her initial petition that would limit her damages to less than this Court's jurisdictional amount.

Federal district courts have original subject matter jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. When a court reviews the amount in controversy within a motion to remand, the operative pleading and the amount demanded in good faith at the time of removal shall control. *Scarlott*, 771 F.3d at 887-88; *Monaco,* 2020 WL 6580568, at *2.

In Texas, a Petition must contain a statement that the party seeks damages within predefined ranges. *See* Tex.R.Civ.P. 47(c). In the event the face of the operative complaint does not clearly establish the amount in controversy, the removing party must prove by a preponderance of the evidence the amount in controversy exceeds $75,000. *Scarlott*, 771 F.3d at 887-88; *Cavazos v. Allstate Vehicle & Prop. Ins. Co.,* 7:17-CV-368, 2017 WL 11317904, at *1 (S.D. Tex. Dec. 12, 2017). The removing party may satisfy this burden by (1) showing it is facially apparent from the petition the damages for the causes of action asserted are more likely than not to exceed $75,000; or (2) setting forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Cavazos,* 2017 WL 11317904, at *1.

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To make such a showing of legal certainty in Texas, plaintiffs who want to prevent removal must file a binding affidavit with the original state petition. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18; *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020). An affidavit limiting damages that is filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Torres*, 2020 WL 555393, at *1. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Cavazos,* 2017 WL 11317904, at *1.

Here, it is clear from the face of the pleading that Vasquez's Second Amended Petition does not comply with Texas Rule of Civil Procedure 47 because it fails to include any statement of damages or even any pre-defined range of damages. *See* Tex.R.Civ.P. 47 (c) (1); see also *Ganey v. State Farm Mut. Auto. Ins. Co.*, 5:20-CV-668-OLG-RBF, 2020 WL 4529907, at *3 (W.D. Tex. Aug. 5, 2020), report and recommendation adopted Sept. 8, 2020. On this ground alone, any amount in controversy plead cannot control. *See id*. Further, it is undisputed Vasquez did not file with her with her First or Second Amended Petitions an affidavit limiting damages to the $30,000 UIM policy maximum benefit. Therefore, the UIM policy limit does not control to determine the amount in controversy. *See St. Paul Reinsurance Co.*, 134 F.3d at 1254; *Cavazos,* 2017 WL 11317904, at *1; *Torres*, CV H-19-3730, 2020 WL 555393, at *1. Vasquez provides

nothing else to establish legal certainty that her recovery will not exceed $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d at 1412.

To satisfy its burden to show removal was proper, Allstate presents Vasquez's Second Amended Petition and her demand letter. *ECF Nos. 1-5, 1-8*. In the Second Amended Petition, Vasquez asserts causes of action against Allstate for breach of contract, breach of good faith and fair dealing, violation of the Texas Insurance Code, and Declaratory Judgment on her entitlement to UIM benefits under the policy. *ECF Nos. 1-5*. Assuming without deciding the declaratory-judgment action is limited to recovery of $30,000 damages, each of these other causes of action, if successful, allow damages beyond the UIM policy limit in addition to recovery of treble damages and exemplary damages. All of these potential damages must be included in the amount-in-controversy calculation. *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253; *Ganey*, 2020 WL 4529907, at *3-4.

Further, Vasquez specifically requested damages beyond the policy limit, stating, "[t]he above described acts, omissions, failures and conduct of [Allstate] has caused [Vasquez's] damages which include, *without limitation*, policy benefits of her uninsured motorist coverage. . . . All the damages described in this petition are within the jurisdictional limits of the court." *ECF No. 1-5, p. 7* (emphasis added). Further, Vasquez plead for recovery of past and future medical expenses, past and future pain and suffering, past and future mental anguish, past and future physical impairment, past and future loss of earnings, and past loss of enjoyment of life. *Id*. Finally, Vasquez's pre-suit demand letter, dated August 24, 2018, specified $17,996.96 in current medical expenses and $118,850.00 in future medical expenses. *ECF No. 1-8*.

The Second Amended Petition and the demand letter show by a preponderance of the evidence that Vasquez sought more than the $30,000 UIM policy limit and her damages were

10

likely to exceed this Court's $75,000 jurisdictional threshold. Given the $30,000 limit of the UIM policy at issue plus the nature of the state-law causes of action asserted, the extent of damages alleged and the potential treble and exemplary damages, combined with the damages alleged in the pre-suit demand letter, the Court concludes Allstate satisfied its burden to show it is facially apparent from the Second Amended Petition that the amount in controversy exceeded $75,000 at the time of removal.

For these reasons, this basis for remand must fail.

### 3. Dimas is a Non-diverse Defendant

In her third argument in support of remand, Vasquez contends Dimas's presence as a defendant destroys this Court's diversity jurisdiction. It appears Vasquez makes this argument in anticipation that this Court would Grant her Motion for Leave to Amend her Second Amended Petition in which she sought to "elaborate on her claims against Dimas." This Court denied that Motion. *ECF No. 24*. As also stated in this Court's Memorandum Opinion dated January 21, 2021, Dimas was not a proper defendant at the time of removal given the causes of action asserted. *ECF Nos. 10*.

Therefore, this basis for remand must fail.

## CONCLUSION

For the reasons herein, Vasquez's Motion to Remand is DENIED. Thus, this action will proceed on Vasquez's request for declaratory relief under the Chapter 37 of the Texas Civil Practice and Remedies Code.

IT IS SO ORDERED.
SIGNED this 24th day of May, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE